**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RODNEY POWELL,

       Plaintiff,

vs.                                            Civ. No. 97-1178 WWD/RLP

DANNY CARTER, Individually and as a
member of the Hobbs Police Department;
HOBBS POLICE DEPARTMENT; JOHN
DOES I-V; KEELING PETROLEUM d/b/a
FINA TRUCK STOP,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a motion by defendants Danny Carter and the City of Hobbs ("government defendants") to dismiss plaintiff's second amended complaint, filed December 12, 1997 [31].   Plaintiff alleges violations of federal civil rights, and state tort claims, including violations of the New Mexico Tort Claims Act, N.M.Stat.Ann. §§ 41-4-12 et seq.  Plaintiff is suing the government defendants as well as Keeling Petroleum.

Mr. Powell was arrested for robbing a Fina Truck Stop on June 14, 1995 after being identified by a Fina employee, Eric Capps, as the black male who allegedly robbed the store. Plaintiff claims that the government defendants either refused to view a videotape which clearly showed he was not the robber, or in the alternative, viewed the videotape but then refused to present it as exculpatory evidence in the arrest warrant affidavit and/or at the preliminary hearing.

Following a jury trial six months later, Mr. Powell was acquitted, allegedly on the basis of the videotape which was shown at trial.

## DISCUSSION

**Legal Standard**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir. 1985) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The government defendants have moved to dismiss on several grounds. Although I must presume that plaintiff's factual allegations are true and construe reasonable inferences in his favor, Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987), only well pled facts, as distinguished from mere conclusory allegations, must be accepted as true. Ten Mile Indus. Park v. Western Plains Service Corp., et al., 810 F.2d 1518, 1524 (10th Cir. 1987). It appears that the underlying complaint was drawn either in haste with little regard for supporting facts or with uncertainty as to underlying legal theories. The deficiencies are more than technical. See Gonyer v. McDonald, 874 F.Supp. 464, 467 (D.Mass. 1995) (presence of technical deficiencies in complaint which contained sound legal grounds did not bar plaintiffs from proceeding). The court is not obligated to supply the facts to various legal theories thrown into a catch-all complaint.

**Claims under Tort Claims Act and State Constitution**

Defendants[1] contend that plaintiff has not alleged that this claim is brought pursuant to the Tort Claims Act. Although I agree that the drafting in the complaint is lacking in clarity, I nevertheless find that there is sufficient information upon which to base Mr. Powell's claims of injury from malicious prosecution and false imprisonment under the waivers available in the Tort Claims Act, § 41-4-12.[2] Although the jurisdictional basis for these claims is not specifically stated, see Compl., ¶ 4, elsewhere in the complaint, plaintiff does mention that notice was given for these claims. Compl., ¶ 2, 12. Plaintiff has thus alleged enumerated torts under the Act.

Defendants are also correct that there is no waiver under the Tort Claims Act for vague constitutional rights to safety and happiness under the New Mexico Constitution. See Caillouette v. Hercules, 113 N.M. 492, 497 (Ct.App.1992), cited in, Blea v. City of Espanola, 117 N.M. 217, 221 (Ct.App.), cert denied, 117 N.M. 328 (1994); see also Ford v. N.M. Dept. of Public Safety, 119 N.M. 405, 412 (Ct.App. 1994) (legislature need not provide a damage remedy for violation of constitutional right). Accordingly, Mr. Powell's claims for violations of the N.M. Const. art.II, §§ 4, 13 and 18, are dismissed. However, plaintiff has alleged an enumerated tort and a provision of the state constitution which appears to support a waiver of defendants' immunity. Cmp. Tafoya v. Bobroff, 865 F.Supp. 742, 746-47 (D.N.M. 1994). His allegations regarding probable cause in the obtaining of the arrest warrant are sufficiently analogous to N.M.Const.

---

[1] Because Keeling Petroleum is not a party to the present motion "defendants" refers to the government defendants. Keeling Petroleum has filed a separate motion to dismiss [38-1].

[2] Counts II and III are for false imprisonment and malicious prosecution, respectively. I am assuming that plaintiff alleges these counts under the Tort Claims Act against the government defendants, but in common tort law against Fina, given the language which incorporates preceding statements in the complaint.

art.II § 10 such that allowing plaintiff's claim to proceed under this provision does not "swallow the rule of immunity."[3] Blea, 117 N.M. at 222.

**Federal Constitutional Claims**

Count I alleges a potpourri of civil rights violations, viz., plaintiff's Fourth, Fifth and Fourteenth Amendment rights to substantive and procedural due process, equal protection and "right to be free from unreasonable detention and arrest." Compl., ¶ 28.

Plaintiff's claims of violations under the Fifth Amendment and the Equal Protection Clause have no basis in any facts alleged in the complaint. The Fifth Amendment due process clause only protects against due process violations caused by the federal government. See Public Utilities Comm'n v. Polak, 343 U.S. 451, 461 (1952). Because there are no federal defendants named in this action, plaintiff's claims under this theory are dismissed. Similarly, to state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of membership in a protected class. Johnson v. Morel, 876 f.2d 477, 479 (5th Cir. 1989) (en banc). The situation here is one of misidentification of the plaintiff for another black male. Plaintiff fails to disclose any allegation that his arrest or prosecution was based on any kind of class-based discrimination, and therefore fails to state a claim under the Equal Protection clause.

Although state actors are subject to the due process clause of the Fourteenth Amendment and not the Fifth, Mr. Powell alleges violations which have been held to be governed under the Fourth Amendment, rather than under "the more generalized notion of substantive due process."

---

[3] Sec. 10 provides that warrants not issue "without a written showing of probable cause, supported by oath and affirmation."

4

Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 813 (1994); accord, Riddle v. Mondragon, 83 F.3d 1197 (10th Cir.1996). The factual basis for Mr. Powell's suit rests on circumstances surrounding his allegedly unlawful arrest and prosecution. Thus, the Fourth Amendment governs pretrial deprivations of liberty. Taylor v. Meacham, 82 F.3d 1556 (10th Cir.1996) (holding that Fourteenth Amendment standards have no applicability in claims that wrongful arrest and seven-week detention constituted an unreasonable seizure and deprivation of liberty in violation of Fourth, Fifth and Fourteenth Amendments (citing Albright v. Oliver, 510 U.S. 266 (1993)).

Although plaintiff alleges "unreasonable detention," there are no allegations in the complaint which would support a Fourteenth Amendment substantive due process violation. For example, he states that he was incarcerated "for some time," Compl, ¶ 24, but doesn't state whether he was detained after a judicial determination of probable cause, which arguably could support a Fourteenth Amendment substantive due process claim.[4] See Gaylor v. Does, et al., 105 F.3d 572, 574 (10th Cir. 1997) (Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause). Even so, he alleges no facts relating to any conditions or restrictions which might constitute punishment under Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), which would be required for a viable claim.

Neither does plaintiff describe what procedural due process was lacking. In this case, whatever deficiencies allegedly existed would be subsumed within the claims related to the Fourth Amendment. The protections afforded under the Fourth Amendment have always been thought

---

[4] Plaintiff was arrested on June 14, 1995. The jury trial was held on Jan. 3, 1996.

to define the "process that is due" for seizures of person or property. Gehl Grp. v. Koby, 63 F.3d 1528, 1538 (10th Cir. 1995). Therefore, plaintiff's procedural due process claims should also be dismissed.

**Probable Cause and § 1983 Claims**

Defendants contend that there can be no cause of action under § 1983 and malicious prosecution because probable cause was determined to exist.[5] Here, however, the existence of probable cause, e.g., in an initial hearing, is not dispositive because it is at the heart of the dispute. In this case, the plaintiff asserts that in refusing to view the videotape, -- or, in the alternative, having viewed it, refusing to include it in the arrest warrant affidavit--, the arrest itself was made in bad faith and without probable cause, thereby depriving him of his right to be free from unreasonable seizures as guaranteed by the Fourth Amendment.

It is a violation of the Fourth Amendment for an arrest warrant affiant to "knowingly, or with reckless disregard for the truth, include false statements in the affidavit." Franks v. Delaware, 438 U.S. 154, 155-56 (1978), cited in Wolford v. Lasater, 78 F.3d 484, 489 (10th Cir. 1996) (holding that district court's dismissal of plaintiff's claims was correct as none of the material omitted from the warrant affidavit was "directly exculpatory" or would have vitiated the probable cause for the arrest warrant).

A probable cause determination in this situation does not preclude plaintiff's claims at this point in the litigation, since the availability of the tape as alleged by plaintiff could possibly have

---

[5] Under New Mexico law, lack of probable cause to initiate criminal proceedings is an essential element of the tort of malicious prosecution. I note that defendants graft plaintiff's state tort claim of malicious prosecution onto his § 1983 claim, where the complaint presents them as separate claims in separate counts.

eroded the integrity of the probable cause determination in the first place. Taylor v. Meacham, 82 F.3d 1556, 1562 (10th Cir. 1996); see also Miera v. Waltemeyer, 97 N.M. 588 (Ct.App. 1982) (prior conviction which is later reversed is only prima evidence of probable cause and can be rebutted); Albright v. Oliver, 510 U.S. at 279 n.5 (unlawful haling into court by misleading testimony perpetuates Fourth Amendment violation); Whitley v. Seibel, 676 F.2d 245, 249 (7th Cir.1982) (probable cause determination did not preclude § 1983 action, as plaintiff was not relitigating the probable cause finding, but rather charging that the arresting officer's bad faith vitiated the finding, thus attacking the integrity rather than sufficiency of the evidence).

At this juncture, it is not clear what role the videotape played in the arrest and prosecution. Defendants were not required to reassess probable cause conclusions "at every turn, whether faced with the discovery of some new evidence or a suspect's self-exonerating explanation from the back of the squad car." Romero v. Fay, 45 F.3d 1472, 1480 (10th Cir. 1995). Plaintiff's version is that defendants more than negligently omitted information which, if included, may have precluded a probable cause determination, either for the arrest, or at the preliminary hearing. Accepting Mr. Powell's allegations as true, he might have a cognizable § 1983 cause of action for injuries suffered as a result of the illegal, unconstitutional arrest. Guenther v. Holmgreen, 738 F.2d 879, 887 (7th Cir. 1984) (citations omitted). Because relief could possibly be granted under a set of facts, if true as alleged in the complaint, the claim should not be dismissed. Hishon v. King Spalding, 467 U.S. 69 73 (1984).[6]

---

[6] Plaintiff's claims under the Tort Claims Act remain viable under the same theory, since the factual allegations underlying both malicious prosecution and false imprisonment relate to the alleged unlawfulness of the arrest. Plaintiff's innocence of the charge contained in the warrant is largely irrelevant to his constitutional claim. There is no guarantee that only the guilty will be arrested. Baker v. McCollan, 443 U.S. 137, 143-45 (1979); see also Atkins v. Lanning, 556 F.2d

**Claims against City**

Defendants argue that the City of Hobbs should be dismissed from this action because plaintiff has not sufficiently outlined the contours of the precise constitutional violation resulting from the City's alleged policy which caused the harm. Although plaintiff may be guilty of overkill in outlining the constitutional contours in the complaint, nevertheless, he has sufficiently stated a cause of action under the Fourth Amendment. I also find that plaintiff has adequately asserted a § 1983 claim against the City. He alleges that the City, through its police department, has maintained customs or policies which have deprived plaintiff of his constitutional rights (i.e., Fourth Amendment) and that the maintenance of these customs or policies was a direct cause of his injuries. Compl., ¶ 13.[7] He further alleges a failure to train, supervise, discipline and hire. Compl., ¶ 14.

On the other hand, I note that the Hobbs Police Department, which is included as a named defendant in this case, should be dismissed. It is not an entity separate and apart from the City of Hobbs, but rather an administrative department of the City. It has been acknowledged that a city's

---

485, 487 (10th Cir. 1977) (police officer who arrests someone with probable cause or a valid warrant is not liable for false arrest simply because the innocence of the suspect is later established). It is, however, at the same time, relevant to state claims. It is a general rule that in an action for malicious prosecution, the plaintiff must allege a termination in his favor of the prosecution or suit complained of. Montes v. Gallegos, 812 F.Supp. 1165, 1167 (D.N.M. 1992) (citation omitted).

[7] In asserting a § 1983 claim against a municipality, plaintiff must show (1) that the harm was caused by a constitutional violation and (2) if so, whether the city is responsible for that violation. Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992), cited in Williams v. City of Denver et al, 99 F.3d 1009 (10th Cir. 1996). There must be an "affirmative link" between the policy and a particular constitutional violation alleged. City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985).

police department which is an integral part of city government and merely a vehicle through which the city government fulfills its policing functions is not a proper party defendant. See Howard v. City of Albuquerque, Civ. No. 90-1019 JC, slip op. at 2 (D.N.M. July 12, 1991) (citing numerous cases); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984). In addition, New Mexico law vests municipalities, not individual departments thereof, with the power to sue or be sued, and with the authority to contract. N.M.Stat.Ann. § 3-18-1 (Repl. 1985). Therefore, the Hobbs Police Department should be dismissed as a party to this lawsuit. The city, of course, remains as a party defendant to answer for the actions or omissions of the dismissed defendant.

**John Doe Defendants**

Courts have generally recognized the ability of a plaintiff to use unnamed defendants "so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." Roper v. Grayson et al., 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff simply characterizes the five "John Doe" defendants in this case as defendants "whose identities may not be presently known." This does not constitute an adequate description. Because there is no description as to any of their roles in the allegedly unlawful conduct, or any other quasi-identifying information, the John Doe defendants should be dismissed.

In sum, what remains of plaintiff's complaint against the government defendants is the following: a Fourth Amendment claim, claims under the Tort Claims Act (injury for malicious prosecution and false imprisonment) and under the N.M Const.art.II § 10. All claims against the Hobbs Police Department and the John Doe defendants are dismissed. Now, Therefore,

9

**IT IS ORDERED** that the motion by defendants Danny Carter and the City of Hobbs ("government defendants") to dismiss plaintiff's second amended complaint **[31]** is **hereby granted in part and denied in part**;

**IT IS FINALLY ORDERED** that the following of plaintiff's claims are hereby **dismissed with prejudice**:  plaintiff's claims under the Fifth Amendment and the Fourteenth Amendment (substantive and procedural due process and Equal Protection Clause); claims under the N.M.Const.art.II §§ 4, 13 and 18; all claims against the Hobbs Police Department and all claims against the five "John Doe" defendants.

_____
UNITED STATES MAGISTRATE JUDGE