# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RODNEY POWELL,

       Plaintiff,

vs.   Civ. No. 97-1178 WWD/RLP

DANNY CARTER, Individually and as a
member of the Hobbs Police Department;
HOBBS POLICE DEPARTMENT; JOHN
DOES I-V; KEELING PETROLEUM d/b/a
FINA TRUCK STOP,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon defendant Keeling Petroleum/Fina Truck Stop's ("Fina") Motion to Dismiss Plaintiff's Second Amended Complaint, filed December 22, 1997 [38-1]. Plaintiff is suing defendant[1] under claims of malicious prosecution and false arrest. Having reviewed the briefs submitted by the parties and applicable case law, I find that defendant's motion should be granted.

Legal Standard

In reviewing the sufficiency of a complaint to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must accept all the well-pleaded facts of the complaint as true and construe them in the light most favorable to the plaintiff. Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). Dismissal is appropriate only if the plaintiff can prove no set of facts in support

---

[1] Because the government defendants have filed a separate [31-1] motion to dismiss, "defendant" here refers to Fina.

of the claim entitling him to relief.  Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586 (10th Cir.1994).

Plaintiff brings claims of malicious prosecution and false imprisonment against Fina on the basis that a Fina employee, Eric Capps, identified him as the robber "although he knew Plaintiff was not the black male who allegedly robbed the Fina Truck Stop."  Compl. ¶ 19.  In the alternative, plaintiff alleges that Capps "allowed his individual judgment to be distorted by the Government Defendants."  Neither alternative is supported by a factual basis.

Malicious Prosecution

A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and the proceedings have been terminated in favor of the accused.  Hirth v. Hall, 96 N.M. 58, 59 (Ct.App.1981) (citing Hughes v. Van Bruggen, 44 N.M. 534 (1940); see Johnson v. Weast, 123 N.M., 470, __, 943 P.2d 117, 122 (N.M.Ct.App.), cert. denied (July 3, 1997) (citing Zamora v. Creamland Diaries, Inc., 106 N.M. at 632 (Ct.App. 1987)).

In order to charge Fina through its employee with responsibility for the initiation of proceedings by a public official, it must appear that Fina's desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by Fina's employee upon which the official acted was known to be false.  Mr. Powell offers no facts to support the bare allegation that Eric Capp "knew" he was identifying the wrong man other than a conclusory

allegation, coupled with an alternative theory somewhat akin to brainwashing by the government defendants.[2]

The complaint does not allege any facts which would show, or even infer that Capps identified plaintiff for purposes which were ill-conceived. Nor can an improper motive be inferred to exist by simple virtue of the fact that plaintiff is a black male residing at that time in Lea County, New Mexico, as plaintiff suggests. While it is true that Mr. Powell might not have been arrested were it not for Capps' identification, there are no factual allegations that connect Fina or Capps with refusing to turn over the videotape or otherwise having anything to do with the government defendants' refusal to use the tape. There is nothing in the allegations to suggest anything other than an honest mistake in identification by Capps. See Zamora, 106 N.M. at 634 (holding a citizen liable for making an honest mistake in reporting to the police would have a chilling effect on an important source of information about crime).

False Imprisonment

Similarly, the complaint does not present any set of facts which portray the plaintiff as having been confined or restrained in some unlawful way by the defendant, or, if he was detained, show lack of consent to the detention. See Mendoza v. K-Mart, Inc., 587 F.2d 1052, 1058 (10th Cir. 1978). Plaintiff offers no instances of defendant's "words, acts [or] gestures . . ." which, if

---

[2] Although under this framework a private individual may be liable in claim for malicious prosecution, the "principal player in carrying out a prosecution . . . is [the] prosecutor." Albright v. Oliver, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring). At common law, a person who supplies information to a prosecutor concerning persons possibly implicated in a crime is not himself the prosecutor, "unless he knows the information he is supplying to be false or unless he exerts improper influence upon the prosecuting authorities." Koski v. Vohs, 137 Mich.App. 491, 358 N.W.2d 620 (1984), rev'd on other grounds, 426 Mich. 424, 395 N.W.2d 226 (1986), cited in Zamora, 106 N.M. at 633.

3

true, could be viewed as inducing reasonable apprehension that Fina would have used force if Mr. Powell did not submit.  See Martinez v. Sears, Roebuck Co., 81 N.M. 371, 373 (1970).  In the reply brief, defendant raises an interesting point which underscores the absence of any factual information which could support a claim of false imprisonment: if plaintiff was *not* the black male who robbed the Fina store, then he also would not have had the experience of encountering Capps at all, much less been confined or restrained.  See Reply at 3.[3]

Because the complaint fails to set forth facts from which reasonable inferences can be made for either the malicious prosecution or the false imprisonment claims, defendant's motion to dismiss is granted.  Now, Therefore,

**IT IS ORDERED** that defendant Keeling Petroleum/Fina Truck Stop's ("Fina") Motion to Dismiss Plaintiff's Second Amended Complaint [38-1] be, and hereby is, **granted** in that all of plaintiff's claims against this defendant be dismissed with prejudice in their entirety.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff was identified and arrested several days following the robbery, as he states in his second amended complaint.